IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE PARKS<br>6915 Clinton Rd.<br>Upper Darby, PA 19082<br><br>      Plaintiff,<br><br>v.<br><br>CREATIVE WASTE SOLUTIONS, LLC.<br>d/b/a B&L DISPOSAL SERVICES;<br>BIZZARI SERVICES, INC.;<br>BIZZARI PROPERTIES, LLC;<br>AIR-UP, LLC; ABC COMPANIES 1-5<br>601 Ryanard Rd.,<br>Wallingford, PA 19086<br>    and<br>LOU BIZZARI<br>601 Ryanard Rd.,<br>Wallingford, PA 19086<br><br>      Defendants. | CIVIL ACTION<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Ace Parks (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff initiates the instant action to redress violations by Defendant of 42 U.S.C. § 1981[1], the Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq.*), and applicable state law(s). Plaintiff was unlawfully terminated by Defendants and he seeks damages as set forth herein.

---

[1] Plaintiff has also filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend the instant Complaint if and when such charges become administratively exhausted with their respective agencies. Plaintiff's EEOC and PHRC claims will mirror his Section 1981 claims as set forth herein.

## II. Jurisdiction and Venue

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendants B&L Disposal Services, Bizzari Services, Inc.; Bizzari Properties LLC; Creative Waste Solutions, Inc.; and Air-Up, LLC (*hereinafter* collectively referred to as "Defendant Entities") are companies owned and/or operated by Lou Bizzari and are engaged in

disposal service business. Upon information and belief, Defendant Entities are operated by the same management out the same location, which upon information and belief is 601 Ryanard Rd., Wallingford, PA, and each Defendant Entity is identified as being headquartered at the same address as in the caption of this Complaint within the Pennsylvania Secretary of State.

8. Therefore, upon information and belief, they are interrelated and integrated in their activities, labor relations, ownership, and management, such that they should be consider one entity. Furthermore, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendant Entities may be treated as a single and/or joint employer for purposes of the instant action.

9. It is Plaintiff's intention to conduct a 30(b)(6) designee deposition in order to determine what other entities (which Plaintiff was not able to find through due diligence) are owned and operated by Defendant Lou Bizzari in a way that such entities should be considered a joint employer of Plaintiff. Plaintiff will seek to amend his Complaint after the aforesaid 30(b)(6) designee deposition to add any entities which should be added as a joint employer to his Complaint.

10. Defendant Lou Bizzari (*hereinafter* "Defendant Bizzari") owns and operates the above-named Defendant Entities and is a high level manager who controls and manages the terms and conditions of employment for employees (including Plaintiff), including but not limited to hiring, firing, issuing discipline, and compensation.[2]

### IV. Factual Background

---

[2] Defendant Entities and Defendant Lou Bizzari are *hereinafter* collectively referred to as "Defendants" unless indicated otherwise.

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a black (African-American) male.

13. In or about July of 2016, Plaintiff was hired to work for Defendants as a Residential Helper, which consisted of Plaintiff collecting trash cans and unloading them into Defendant's vehicles throughout residential neighborhoods.

14. Plaintiff worked for Defendants for approximately six months before being terminated from his employment in or about February of 2017 (discussed further *infra*).

15. During Plaintiff's tenure with Defendants, he often times worked approximately 50-55 hours per week; however, he was not always paid for the hours that he worked or time and one half for hours that he worked over 40 hours in one week.

16. While employed with Defendants, Plaintiff was at all times relevant herein unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

17. Shortly after Plaintiff was hired by Defendants, he began to be subjected to discriminatory treatment based on his race by Defendant Bizzari, including but not limited to making derogatory comments about his race, selectively enforcing policies against him that were not enforced against his Caucasian co-workers, and generally treating him less favorably than his Caucasian co-workers.

18. For example, Defendant Bizzari called Plaintiff a "lazy nigger," stated "I've been carrying you niggers;" "you niggers wouldn't have a job if it wasn't for me," and referred to Plaintiff and other African-American employees as "lazy, good-for-nothing niggers."

19. Shortly before his termination from Defendant Entities, Plaintiff complained to Defendant Bizzari about the discriminatory treatment that he was being subjected to in the workplace and his use of the work "nigger"; however, Defendant Bizzari did not change his behavior or address Plaintiff's concerns in any meaningful manner.

20. Plaintiff also complained to Defendant Bizzari on several occasions, including in close proximity to his termination, that he was not being paid overtime properly.

21. In response to Plaintiff's expressed concerns of race discrimination and Defendants' aforesaid overtime violations, Defendant Bizzari would subject Plaintiff to retaliatory harassment, including but not limited to sending Plaintiff on a less desirable route, not sending him on a route at all, and/or cursing and yelling at him.

22. On or about February 2, 2017, Plaintiff was terminated from his employment with Defendants.

23. Defendant Entities' management informed Plaintiff that he was being terminated from his employment simply because they could not "use him anymore."

24. However, upon information and belief, Defendants' aforesaid reasoning for terminating Plaintiff was completely pretextual and he was really terminated because of his race, complaints of race discrimination, and/or complaints of overtime violations.

**Count I**
**Violation of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**- Against All Defendants –**

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through disparate

treatment, pretextual admonishment, racial derogatory comments, and demeaning and/or discriminatory treatment towards him.

27. Plaintiff was terminated by Defendants because of his race and/or in retaliation for complaining of race discrimination.

28. Defendant Bizzari is personally liable for violations of Section 1981 because he was a high-level manager who controlled the terms and conditions of Plaintiff's employment, knew of and directly participated in the aforesaid race-based harassment and Plaintiff's hostile work environment and also participated in Plaintiff's pretextual termination from Defendants.

29. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

### Count II
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages)
-Against All Defendants-

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. At all times relevant herein, Defendants are, and continue to be, an "employer[s]" within the meaning of the FLSA.

32. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

33. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

34. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

36. Defendants failed to pay Plaintiff 1.5 times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek.

37. As a result of Defendants' intentional failure to pay Plaintiff the overtime compensation due him, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

38. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

39. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

### Count III
### Violations of the Fair Labor Standards Act ("FLSA")
(Retaliation)
-Against All Defendants-

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Defendants retaliated against Plaintiff and/or terminated Plaintiff in substantial part because of his complaints to Defendant Bizzari that he was not being properly compensated for his overtime hours.

42. Plaintiff's termination due to his complaints of unpaid overtime wages constitutes unlawful retaliation and a violation of the FLSA.

43. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his termination. Defendant Bizzari also personally participated in Plaintiff's aforesaid unlawful termination.

## Count IV
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Wages)
-Against All Defendants-

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. At all times relevant herein, Defendants are, and continue to be, "employer[s]" within the meaning of the PMWA.

46. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the PMWA.

47. The PMWA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

48. At all times during his employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

49. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the PMWA.

50. Defendants failed to pay Plaintiff time and one half for all hours that he worked over 40 each workweek.

51. Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid constitute violations of the PMWA.

52. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

53. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

## Count V
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL") (43 P.S. 260.3(a)-(b))
-Against All Defendants-

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment.

56. Defendants failed to compensate Plaintiff for all wages owed during his employment.

57. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement.

58. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

59. Defendant Bizzari is personally liable because he was the owner of Defendant Entities and was responsible for the terms and conditions of employment for Plaintiff including but not limited to his compensation. Defendant Bizzari also personally and intentionally deceived Plaintiff regarding his compensation.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

G. Plaintiff is to receive a trial by jury as set forth in the caption of this Complaint.

Respectfully submitted,

**KARPF & KARPF, P.C.**

By: _____
Ari R. Karpf, Esq
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 6, 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ACE PARKS | CIVIL ACTION |
| v. | |
| CREATIVE WASTE SOLUTIONS, LLC. d/b/a B&L DISPOSAL SERVICES, ET AL. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 6/7/2017 | [signature] | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6915 Clinton Road, Upper Darby, PA 19082

Address of Defendant: 601 Ryanard Road, Wallingford, PA 19086

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/7/2017   _____   ARK2484
                 Attorney-at-Law    Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/7/2017   _____   ARK2484
                 Attorney-at-Law    Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PARKS, ACE

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
CREATIVE WASTE SOLUTIONS, LLC. d/b/a B&L DISPOSAL SERVICES, ET AL.

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" 29USC201
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/7/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]